**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7879**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GREGORY BARTKO,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever, III, District Judge.  (5:09-cr-00321-D-1; 5:15-cv-00042-D)

Submitted:  April 26, 2022                      Decided:  May 20, 2022

Before DIAZ and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Donald Franklin Samuel, GARLAND, SAMUEL & LOEB, Atlanta, Georgia, for Appellant.    Michael Gordon James, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Bartko appeals the district court's orders construing his Fed. R. Civ. P. 60(b) motion for relief from judgment as an unauthorized, successive 28 U.S.C. § 2255 motion and dismissing it for lack of jurisdiction.[*] In a § 2255 proceeding, "a Rule 60(b) motion . . . that attacks the substance of the federal court's resolution of a claim on the merits is not a true Rule 60(b) motion, but rather a successive" § 2255 motion, and is therefore subject to the preauthorization requirement of 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). *McRae*, 793 F.3d at 397 (internal quotation marks omitted). By contrast, "[a] Rule 60(b) motion that challenges some defect in the integrity of the federal habeas proceedings . . . is a true Rule 60(b) motion, and is not subject to the preauthorization requirement." *Id.* (internal quotation marks omitted). Where the movant "presents claims subject to the requirements for successive applications as well as claims cognizable under Rule 60(b)," such a pleading is a mixed Rule 60(b) motion/§ 2255 motion. *Id.* at 400 (internal quotation marks omitted).

In his Rule 60(b) motion, Bartko sought a remedy for a perceived flaw in his § 2255 proceeding and raised a direct attack on the district court's resolution of his claims on the merits. Thus, our review leads us to conclude that the district court properly construed Bartko's Rule 60(b) motion as a mixed Rule 60(b) motion/§ 2255 motion. *See Will v. Lumpkin*, 978 F.3d 933, 938-39 (5th Cir.), *cert. denied*, 142 S. Ct. 579 (2020). The district

---

[*] A certificate of appealability is not required to appeal the district court's jurisdictional categorization of a Rule 60(b) motion as an unauthorized, successive § 2255 motion. *United States v. McRae*, 793 F.3d 392, 400 (4th Cir. 2015).

2

court then afforded Bartko the opportunity to elect between deleting his successive § 2255 claims or having his entire motion treated as a successive § 2255 motion. *See McRae*, 793 F.3d at 400; *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003). When Bartko declined to remove the improper claims, the court properly treated Bartko's entire motion as a successive § 2255 motion and dismissed it for lack of jurisdiction because he failed to obtain prefiling authorization from this court. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); *McRae*, 793 F.3d at 397-400. Accordingly, we affirm the district court's orders.

Consistent with our decision in *Winestock*, 340 F.3d at 208, we construe Bartko's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. Upon review, we conclude that Bartko's claims do not meet the relevant standard. *See* 28 U.S.C. § 2255(h). We therefore deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3